**SECOND DIVISION**
**DILLARD, P. J.,**
**MERCIER, P.J. and WHITAKER, J.**

NOTICE: Motions for reconsideration must be received no later than 4:30pm on the 10th day after the decision was issued to be deemed timely filed.
https://www.gaappeals.gov/rules

August 7, 2026

# In the Court of Appeals of Georgia

A26A1408. SIMS v. SIMS.

WHITAKER, Judge.

In this action under the Family Violence Act, OCGA § 19-13-1 et seq., Russell Sims appeals from the trial court's denial of his motion to dismiss a twelve-month protective order that, among other things, bars him from contacting or approaching within 500 yards of his ex-wife Shara Sims and the parties' two minor children. Russell contends that the trial court lacked the authority to issue the order once it continued the hearing, over his objection, to a date more than 30 days after Shara filed her initial petition. Given the clear and unambiguous language of the applicable statute, we are constrained to agree and, therefore, reverse.

The record shows that the parties were married in 2013. In their September 2024 divorce decree, the trial court awarded Shara sole legal and primary physical custody of the children.[1] On December 4, 2025, Shara filed a petition for a family-violence protective order, alleging, among other things, that Russell had stalked her, punched one of their children in the chest, and placed the other in a chokehold. The trial court entered an ex parte temporary protective order ("TPO") that day and scheduled a hearing for December 30, 2025.

A hearing was commenced around 5:00 p.m. on December 30, but could not be concluded that day. Consequently, shortly before 7:00 p.m. and over Russell's objection, the trial court continued the hearing and the TPO to January 7, 2026. When the case was called on January 7, Russell moved to dismiss the petition on the ground that it stood dismissed by operation of law once the hearing was not completed within 30 days after Shara had filed it. The trial court denied the motion, ruling that because the hearing was started within the requisite 30-day time period but could not be concluded, the continuance did not require dismissal. At the conclusion of the hearing, the trial court entered a family-violence 12-month protective order barring

---

[1] Russell's appeal of the trial court's denial of his motion for a new trial following the issuance of the divorce decree is pending in Case No. A26A1153.

Russell from contacting or approaching Shara and their children. Russell filed an application for discretionary review, which we granted. This appeal followed.

Russell argues, as he did below, that the trial court erred by refusing to dismiss Shara's petition when the hearing was not completed within 30 days after the petition was filed.[2] We are constrained to agree.

"Because the issue before us is purely legal, our review is de novo." *James v. Farley*, 367 Ga. App. 636, 637 (887 SE2d 692) (2023). When interpreting a statute, a court "must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172(1)(a) (751 SE2d 337) (2013) (punctuation omitted). Thus, absent clear evidence that the legislature intended a contrary meaning as reflected in the relevant statutory text, a court must assign words in a statute "their ordinary, logical, and common meanings." *Turner v. Ga. River Network*, 297 Ga. 306, 308 (773 SE2d 706) (2015) (punctuation omitted).

The Family Violence Act provides, in relevant part:

Within ten days of the filing of the petition under this article or as soon as practical thereafter, but not later than 30 days after the filing of the petition, a hearing shall be held at which the petitioner must prove the

---

[2] Shara has not filed an appellee's brief in this appeal.

allegations of the petition by a preponderance of the evidence as in other civil cases. In the event a hearing cannot be scheduled within the county where the case is pending within the 30 day period the same shall be scheduled and heard within any other county of that circuit. If a hearing is not held within 30 days of the filing of the petition, the petition shall stand dismissed unless the parties otherwise agree.

OCGA § 19-13-3(c). Aside from the parties' agreement, the statute permits a hearing to be delayed in only one other circumstance: "If the court finds a party is avoiding service to delay a hearing, the court may delay dismissal of the petition for an additional 30 days." OCGA § 19-13-3(e).

Here, while the hearing was commenced within the statutorily-required 30-day period, it was not concluded until more than 30 days after the petition had been filed. In its order denying Russell's motion to dismiss, the trial court explained that the court had been unable to complete the hearing in a single day because it had not begun until the evening of December 30.

The plain language of OCGA § 19-13-3(c) requires that a hearing be "held" — not merely begun — within 30 days of the filing of a petition. Critically, the law dictates that substantial compliance is insufficient to satisfy this statutory requisite, given the plainly stated consequence that, if a hearing is not held within the 30 days,

4

the petition "shall stand dismissed."[3] See OCGA § 1-3-1(c) ("A substantial compliance with any statutory requirement ... shall be deemed and held sufficient ... unless expressly so provided by law."); *Cook v. NC Two, L.P.*, 289 Ga. 462, 464 (712 SE2d 831) (2011) ("[W]here a statute is plain and susceptible of but one natural and reasonable construction, ... the legislature's clear intent will not be thwarted by invocation of the rule of substantial compliance." (punctuation omitted)); *Smith v. Smith*, 350 Ga. App. 647, 650 (829 SE2d 886) (2019) (holding substantial compliance with the 30-day time limitation contained within OCGA § 19-13-3(c) was insufficient and, therefore, ex parte TOP was dismissed by operation of law).

Because the hearing in this case was not held within the 30-day time period required by OCGA § 19-13-3(c), and because substantial compliance with that statutory mandate is insufficient, we are constrained to reverse the trial court's

---

[3] Notably, the statute also permits a hearing be held in another county in the same judicial circuit if it cannot be held in the county where the case is pending within the 30-day period. See OCGA § 19-13-3(c). While that alternative would not be available here, as Shara filed her petition in Cobb County — the only county in the Cobb Judicial Circuit, see OCGA § 15-6-1(11) — it further highlights the legislature's codified intent that the statutory deadline be strictly followed.

judgment and remand this case with instructions that the trial court dismiss Shara's petition. See *Smith*, 350 Ga. App. at 651.

*Judgment reversed and case remanded with direction. Dillard, P. J., and Mercier, P.J., concur.*